UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| TOM WENCKAITIS, ANDREW JOHNSON, and ANTHONY MARSHALL,<br><br>PLAINTIFFS,<br><br>v.<br><br>SPECIALTY CONTRACTORS INC., and JOHN O'HARA, owner of Specialty Contractors, Inc.,<br><br>DEFENDANTS. | )<br>)<br>) NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Tom Wenckaitis, Andrew Johnson, and Anthony Marshall, individually and on behalf of others similarly situated, complain against Defendants Specialty Contractors, Inc. and John O'Hara, alleging claims under the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), Illinois Employee Classification Act ("IECA"), and the Illinois Wage Payment and Collection Act ("IWPCA"). Plaintiffs bring their FLSA claims as a putative collective action, pursuant to 29 U.S.C. § 216(b), and Plaintiffs bring their IMWL, IECA, and IWPCA claims as a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Introduction

1. Defendant Specialty Contractors, Inc. is an electrical construction company based in McHenry County, Illinois. This complaint arises out of Defendants' failure to pay Plaintiffs and a group of other electricians one-and-a-half times their regular rate of pay for hours worked in excess of forty in a workweek as well as Defendants' practice of taking deductions from Plaintiffs' and other electricians' pay without their written consent.

2. Plaintiffs, individually and on behalf of others similarly situated, seek to recover unpaid wages, interest, statutory penalties, liquidated damages, and attorneys' fees and costs pursuant to the FLSA, IMWL, IECA, and IWPCA.

**Parties**

3. Plaintiff Tom Wenckaitis worked as an electrician for Defendants from approximately December 2018 until April 2020. During Wenckaitis's employment with Defendants, Defendants paid him approximately $37.50 per hour and deducted $2 per hour from his wages without his written authorization.

4. Plaintiff Anthony Marshall worked as an electrician for Defendants from approximately January 2019 until present. During Marshall's employment with Defendants, Defendants paid him between $25 and $28 per hour and deducted $2 per hour from his wages without his written authorization.

5. Plaintiff Andrew Johnson worked as an electrician for Defendants from approximately May 2015 to June 2017 and again from February 2019 to November 2019. Defendants paid Johnson between $30 and $35 per hour and deducted $2 per hour from his wages without his written authorization.

6. Defendant Specialty Contractors Inc. is an Illinois corporation headquartered in McHenry County, Illinois. It employed all Plaintiffs for purposes of the FLSA, IMWL, IECA, and IWPCA. It is a contractor for purposes of the IECA.

7. Defendant John O'Hara is the owner of Specialty Contractors, Inc. ("Specialty"). Upon information and belief, he is a resident of McHenry County, Illinois. He made the decision to deny Plaintiffs overtime pay for hours over forty in a workweek and to make deductions from

their wages without their written authorization. He also employed all Plaintiffs for purposes of the FLSA, IMWL, IECA, and IWPCA.

## Jurisdiction and Venue

8. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' IMWL, IECA, and IWPCA claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this district because the vast majority of job sites where Defendants employed Plaintiffs were located in Kane County, which is in this judicial district.

## Facts

10. Defendants operate a construction company that specializes in electrician services.

11. Plaintiffs' jobs required Plaintiffs to perform electrician services at Defendants' commercial and residential job sites.

12. Defendants misclassified Plaintiffs as independent contractors and filed Form 1099 with the IRS for each of them.

13. Plaintiffs performed all their job duties under the direction and control of Defendants. Defendants obtained contracts to perform electrician work at commercial and residential construction sites. Plaintiffs performed those electrician services at Defendants' contract sites under the direction and control of Defendants.

14. All of Plaintiffs' job duties were within the normal scope of the usual course of services performed by Defendants.

15. Plaintiffs did not engage in an independently established trade or business that was separate from Defendants' trade or business, and they were not proprietors of a business that was separate from Defendants' business.

16. Plaintiffs Wenckaitis, Marshall, and Johnson worked for Defendants as electricians in excess of forty hours in at least one workweek.

17. For example, the week of October 6 through October 12, 2019, Wenckaitis worked 48 hours for Defendants, and the week of February 22 through February 28, 2020, Wenckaitis worked 54 hours for Defendants. Defendants paid Wenckaitis a flat rate of $37.50 per hour for all hours worked.

18. For example, Marshall worked approximately 93 hours between October 13, 2019 and October 26, 2019, working more than 40 hours in at least one of those two weeks. Defendants paid Marshall a flat rate of $28 per hour for all hours worked.

19. Defendants never paid Plaintiffs one-and-a-half times their regular hourly rate of pay for hours worked in excess of forty in a workweek during the course of their employment.

20. Defendants deducted money from Plaintiffs' paychecks during each pay period and held it in a "Flex Fund" to be returned to Plaintiffs at the end of the year to pay their taxes.

21. For example, in a paycheck dated March 1, 2020, Defendants deducted $160.00 from Wenckaitis's paycheck and labeled the deduction "Flex Fund."

22. Defendants did not have Plaintiffs' written authorization to make these "Flex Fund" deductions or retain Plaintiffs' wages. Nor were these deductions required by law, to the benefit of the Plaintiffs, or in response to a valid wage assignment or wage deduction order.

23. Because Defendants misclassified Plaintiffs as independent contractors, the Illinois Department of Employment Security denied certain Plaintiffs unemployment benefits when Defendants had no work for them.

**Enterprise Status**

24. From 2017 to the present, Defendants constituted an "enterprise engaged in commerce" as that term is defined in the FLSA because they performed related activities (either through unified operation or common control) for a common business purpose.

25. During relevant times, Defendants engaged in over $500,000 in annual sales or business.

26. During relevant times, Defendants' employees handled or sold goods or materials that moved in interstate commerce.

27. In particular, Plaintiffs handled tools, like wrenches and screwdrivers, as well as other electrical supplies that were manufactured outside of Illinois and moved in interstate commerce.

**Collective and Class Allegations**

28. Plaintiffs Wenckaitis, Marshall, and Johnson bring the claims set forth in Count I, alleging violations of the FLSA, as a collective action on behalf of themselves and an "FLSA Overtime Class" consisting of all hourly employees of Specialty between June 2017 and the present, and who, during that time, worked in excess of forty hours a week in any workweek.

29. Plaintiffs bring their IMWL claims, as set forth in Count II, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all other individuals who worked for Specialty as hourly employees between June 2017 and the present, and who, during that time, worked in excess of forty hours a week in any workweek ("the IMWL Class").

30. Plaintiffs bring the claims set forth in Count III, alleging violations of the IWPCA as a Rule 23 class action on behalf of themselves and an "IWPCA Class" consisting of all electricians who worked for Defendants between June 2010 and the present and had "Flex Fund" wages deducted from their pay.

31. Plaintiffs bring the claims set forth in Count IV, alleging violations of the IECA, as a Rule 23 class action on behalf of themselves and an "IECA Class" consisting of all electricians who worked for Defendants between June 2017 and the present and were classified as independent contractors.

32. The classes defined above satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b).

33. The classes are so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. Plaintiffs believe that the classes include at least forty former and current employees of Defendants.

34. Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, among others, the following:

    a. Whether Specialty denied Plaintiffs and the IMWL Class overtime wages due and owing under the IMWL;

    b. Whether Specialty violated the IWPCA by making deductions from the wages of Plaintiffs and the IWPCA Class without their written authorization;

        c.      Whether Specialty misclassified Plaintiffs and the IECA Class as independent contractors in violation of the IECA.

35.     Plaintiffs will fairly and adequately protect the interest of all class members. All Plaintiffs are members of all of the proposed classes. Plaintiffs' claims are typical of the claims of all class members. Plaintiffs' interest in obtaining monetary relief for Defendants' violations of the class members' rights are consistent with and are not antagonistic to those of any person within the classes.

36.     Plaintiffs have retained counsel competent and experienced in complex and class action litigation.

37.     A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint. Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

## Count I – Fair Labor Standards Act

38.     Plaintiffs incorporate all prior allegations as if fully stated herein.

39.     Defendants employed Plaintiffs and members of the FLSA Overtime Class.

40.     Plaintiffs and members of the FLSA Overtime Class regularly worked for Defendants in excess of forty hours in a workweek.

41.     Plaintiffs and members of the FLSA Overtime Class were not exempt employees as defined by the FLSA and relevant regulations.

42.     Defendants never paid Plaintiffs and members of the FLSA Overtime Class one-and-a-half times their regular hourly rate for hours worked in excess of forty in a workweek.

43. Defendants' violations of the FLSA were willful.

## PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

    a.    Certifying this case as a collective action pursuant to 9 U.S.C. § 216(b);

    b.    Entering judgment in the amount of all unpaid overtime wages due and owing to Plaintiffs as well as all applicable liquidated damages;

    c.    Declaring that Defendants' conduct violated the FLSA;

    d.    Awarding Plaintiffs their reasonable attorneys fees and costs of this action;

    e.    Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

    f.    Awarding such other and further relief as this Court deems appropriate and just.

## Count II – Illinois Minimum Wage Law

44. Plaintiffs incorporate all prior allegations as if fully stated herein.

45. Defendants employed Plaintiffs and members of the IMWL Class.

46. Plaintiffs and members of the IMWL Class regularly worked for Defendants in excess of forty hours in a workweek.

47. Defendants never paid Plaintiffs and members of the IMWL Class one-and-a-half times their regular hourly rate for hours worked in excess of forty in a workweek.

## PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

    a.    Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    b.    Appointing Plaintiffs as representatives of the IMWL Class;

    c.    Appointing the undersigned counsel as class counsel;

    d.    Declaring that the actions complained of herein violated 820 ILCS 105/4;

    e.    Awarding the IMWL Class prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

    f.    Awarding the IMWL Class unpaid wages due as provided by the IMWL;

    g.    Awarding treble damages as well as penalties in the amount of 5% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

    h.    Awarding reasonable attorneys' fees and the costs of this action as provided by the IMWL;

    i.    Awarding such other relief as this court deems just and proper.

## Count III – Violation of the Illinois Wage Payment and Collection Act

48.    Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

49.    Defendants employed Plaintiffs and members of the IWPCA Class.

50.    Defendants made deductions from the IWPCA Class's paychecks without first obtaining written authorization from Plaintiffs and the IWPCA Class.

51.    Defendants held deductions until the end of the calendar year, when they returned the money to Plaintiffs and the IWPCA Class.

## PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

    a.    Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    b.    Appointing Plaintiffs as representatives of the IWPCA Class;

    c.    Appointing the undersigned counsel as class counsel;

    d.    Declaring that the actions complained of herein violated 820 ILCS 115/1, *et seq*.

  e. Awarding the IWPCA Class all deducted wages that have not been returned;

  f. Awarding penalties in the amount of 2% of wages illegally deducted by Defendants for each month those wages were retained by Defendants;

  g. Awarding reasonable attorneys' fees and the costs of this action as provided by the IWPCA;

  h. Awarding such other relief as this court deems just and proper.

### Count IV – Violation of the Illinois Employee Classification Act

52. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

53. Defendants employed Plaintiffs and members of the IECA Class.

54. Defendant is a contractor for purposes of the IECA.

55. Defendants misclassified Plaintiffs as independent contractors for the duration of their employment with Defendants.

56. Because Defendants misclassified Plaintiffs, they were deprived of overtime premium pay and other benefits, such as unemployment insurance payments.

### PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

  a. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

  b. Appointing Plaintiffs as representatives of the IECA Class;

  c. Appointing the undersigned counsel as class counsel;

  d. Declaring that the actions complained of herein violated 820 ILCS 185/1, *et seq*.

  e. Awarding Plaintiffs all unpaid wages and benefits of employment;

  f.  Awarding the maximum civil penalties provided by the IECA for each violation of the IECA;

  g.  Awarding reasonable attorneys' fees and the costs of this action as provided by the IECA;

  h.  Awarding such other relief as this court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues as to which a jury trial is available.

Dated: June 25, 2020            Respectfully Submitted:

                          */s/ Christopher J. Wilmes*

Christopher J. Wilmes, cwilmes@hsplegal.com
Emily R. Brown, ebrown@hsplegal.com
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
70 W. Madison Street, Suite 4000
Chicago, IL 60602
312.580.0100