UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WENCKAITIS, et al., ) | |
| ) | Case No. 20-cv-03743 |
| Plaintiffs, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| SPECIALTY CONTRACTORS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On July 11, 2023, the Court entered judgment in favor of Plaintiffs Tom Wenckaitis and Anthony Marshall ("Plaintiffs") and against Defendants Specialty Contractors, Inc. and John O'Hara ("Defendants") in an amount of $84,625.57 in relation to Defendants' violations of the Fair Labor Standards Act ("FLSA"), Illinois Minimum Wage Law ("IMWL"), Illinois Employment Classification Act ("IECA"), and the Illinois Wage Payment & Collection Act ("IWPCA").  Before the Court is Plaintiffs' motion for attorneys' fees and costs in the amount of $324,698.05.  For the following reasons, the Court grants Plaintiffs' motion and awards Plaintiffs $296,227.55 in attorneys' fees and costs [118].

**Background**

The parties tried this case before the Court in a two-day bench trial on April 6 and 7, 2022. Following this trial, on July 11, 2023, the Court set forth its findings of fact and conclusions of law as required under Federal Rule of Civil Procedure 52(a).  In its judgment, the Court found Defendants to be joint and severally liable for their violations of the above statutes, in favor of Defendants on their counterclaim against Wenckaitis for the retention of the flex fund double payment, and against Defendants on their remaining counterclaims.  (Dkt. 86.)  In its judgment, the Court entered a total

combined award of $84,625.57, with $34,696.69 in favor of Plaintiff Wenckaitis, $49,928.88 in favor of Plaintiff Marshall, and $4,126.00 against Plaintiff Wenckaitis. (Dkt. 87.)

After judgment was entered, parties filed a series of post-trial motions, including the instant motion for attorneys' fees and costs. The Court now considers this motion.

**Legal Standard**

The FLSA and IMWL directs courts to "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see also* 820 ILCS 105/12 § 12(a). "The award's size is a function of three numbers: the hours worked, the hourly rate, and any overall adjustments up or down." *Sommerfield v. City of Chicago*, 863 F.3d 645, 650 (7th Cir. 2017).

To determine the amount of attorney's fees and costs, first, the court must calculate the "lodestar" which is "the hours reasonably expended multiplied by the reasonable hourly rate." *Johnson v. GDF, Inc.*, 688 F.3d 927, 929 (7th Cir. 2012). The lodestar may also take into account factors such as "the amount involved and the results obtained," as well as "the experience, reputation, and ability of the attorneys." *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3, 103 S. Ct. 1933, 1937 n. 3, 76 L. Ed. 2d 40 (1983). Once the court calculates the lodestar, it may then determine whether an adjustment is warranted under the case-specific circumstances. *Nichols v. Illinois Department of Transportation*, 4. F.4th 437, 441 (7th Cir. 2021). If a plaintiff requests fees for the fee award litigation, the court will also determine that after calculating the lodestar. *Id.* (citing *Batt v. Micro Warehouse, Inc.*, 241 F.3d 891, 894 (7th Cir. 2001).

District courts "have wide latitude in determining attorneys' fee awards." *Strange v. Monogram Credit Card Bank of Georgia*, 129 F.3d 943, 945 (7th Cir. 1997). Where a court uses its discretion to adjust a fee award, it must "provide a concise but clear explanation of its reasons." *Small v. Richard Wolf Medical Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) (quoting *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 409 (7th Cir. 1999). "The essential goal in shifting fees (to either party) is to do rough

justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 839, 131 S. Ct. 2205, 2216, 180 L. Ed. 2d 45 (2011).

**Discussion**

In their motion, Plaintiffs request an award for attorneys' fees for counsels Chris Wilmes ($99,216.00) and Emily Brown ($203,680.00) and paralegals Ben Goldberg ($7,181.00) and Kassandra Perez ($10,148.00) for a total of $320,225.00 in attorneys' fees. Plaintiffs also seek to recover $4,473.05 in nontaxable costs. As shown in the table below, in total, Plaintiffs request attorneys' fees and costs of $324,698.05.[1]

| Attorney | Hourly Rate | Hours | Attorney's Fees |
|---|---|---|---|
| Chris Wilmes | $520.00 | 190.8 | $99,216.00 |
| Emily Brown | $400.00 | 509.2 | $203,680.00 |
| Ben Goldberg | $215.00 | 33.4 | $7,181.00 |
| Kassandra Perez | $215.00 | 47.2 | $10,148.00 |
| | | **Total Attorneys' Fees** | **$320,225.00** |
| | | **Nontaxable Costs** | **$4,473.05** |
| | | **Total Attorneys' Fees and Nontaxable Costs** | **$324,698.05** |

The Court proceeds by calculating the lodestar, considering the objections raised by Defendants in doing so.

A. *Calculating the lodestar: reasonableness of the hourly rate*

"A reasonable hourly rate is based on the local market rate for the attorney's services" and the "best evidence of the market rate is the amount the attorney actually bills for similar work." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). The burden of proving the "market rate" for the services

---

[1] The Court notes that in their reply brief filed on December 21, 2023, Plaintiffs request $17,684.00 reflecting time spent preparing the fee petition and replying to Defendants' response between October 2, 2023 and December 19, 2023. (Dkt. 124, Ex. C.) It is established Seventh Circuit precedent that prevailing plaintiffs are entitled to recover fees for the time reasonably spent in establishing and negotiating their rightful claim to the fee. *See Bond v. Stanton*, 630 F.2d 1231, 1235 (7th Cir. 1980). But "[a]s the Seventh Circuit has admonished over and over, reply briefs are for replying, not for raising new matters or arguments that could and ought to have been advanced in the opening brief." *See Sommerfield v. City of Chicago*, No. 06 C 3132, 2012 WL 3779104 (N.D. Ill. Aug. 31, 2012) (Cole, J.) (collecting cases). Here, Plaintiffs did not state their intent to recover for these fees in their original motion. For this reason, the Court does not include this $17,684.00 and associated time entries in its lodestar calculation of attorneys' fees and costs. Plaintiffs have leave to file an additional petition for attorneys' fees for this amount if they so choose.

rendered is on the fee applicant, but once the attorney provides evidence establishing his market rate, "the burden shifts to the defendant to demonstrate why a lower rate should be awarded." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 554–55 (7th Cir. 1999).

Here, Plaintiffs set the hourly rates for attorneys Wilmes and Brown at $520.00 and $400.00 per hour and that for the paralegals at $215.00 per hour. Plaintiffs provide several forms of evidence to support their hourly rate, including: exhibits showing the standard hourly rates for Brown, Wilmes, and their paralegals, Dkt. 118, Ex. 7; two prior cases where this Court and a court in this district awarded Wilmes fees at comparable rates, *see Gunn v. Stevens Security & Training Services, Inc.*, No. a17-CV-06314, 2020 WL 5593747 (N.D. Ill. Sept. 18, 2020) (Coleman, J.) (awarding Wilmes fees at $450.00 per hour, Brown fees at $320.00 per hour, and paralegals at $190.00 per hour); *Barber v. Beverly Freight, Inc.*, No. 22 CV 6920, Dkt. 21 (N.D. Ill. May 8, 2023) (Seeger, J.) (awarding Wilmes fees based on a $520.00 hourly rate); caselaw from courts in this district supporting a comparable hourly rate for attorneys of Brown's level of seniority, Dkt. 118 at 9–10; and an affidavit from Marni Willenson, a civil rights and employment litigation attorney licensed to practice in Illinois and familiar with Plaintiffs' counsels, supporting the reasonableness of these rates. (Dkt. 118, Ex. 8.)

In response to this evidence, Defendants argue that the Willenson affidavit is insufficient because it is "conclusory," does not assert "a direct relationship with Mr. Wilmes [nor] experience with Ms. Brown," and because "Willenson's experience in the legal field far exceeds both Ms. Brown and Mr. Wilmes." (Dkt. 123 at 6–7.) To support this argument, Defendants point to the Seventh Circuit's holding in *Nichols v. Illinois Department of Transportation*. 4 F.4th 437 (7th Cir. 2021). There, the court upheld the district court's decision to find the affidavits submitted by the plaintiff as insufficient for a variety of reasons, including not stating the affiant's hourly rate, not specifically addressing fees in comparable employment cases, being too general, and not listing a judicially approved or client-paid amount for work in similar cases. *Id.* at 442.

4

Here, the Willenson affidavit has no such deficiencies. The affidavit describes Willenson's billing rate and provides two judicially approved billing rates in prior cases, and also describes Willenson's experience observing and working with Wilmes and his colleagues. (Dkt. 118, Ex. 8.) Based on this examination of the affidavit, the Court finds the Willenson affidavit to be sufficiently persuasive to substantiate the fees requested. And based on the weight of the additional evidence provided by Plaintiffs, which Defendants do not challenge, the Court similarly finds the hourly rates proposed by Plaintiffs for Wilmes ($520.00), Brown ($400.00), and the paralegals ($215.00) to be reasonable.

B. *Calculating the lodestar: reasonableness of the hours expended*

Plaintiffs represent that the 700 attorney hours and 80.6 paralegal hours described in their motion are reasonably expended. Defendants object, arguing that Plaintiffs' fees are excessive, vague, and not proportional to the award. The Court addresses each of these objections in turn.

1. *Excessiveness of time billed by Plaintiffs*

When calculating the reasonableness of the hours expended, the total time should exclude work that was "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. "Put another way, hours that an attorney would not properly bill to his or her client in the private sector cannot properly be billed to the adverse party under a fee-shifting statute such as the FLSA." *Spegon*, 175 F.3d at 552. Courts should also disallow hours expended by counsel "on tasks that are easily delegable to non-professional assistance" and time spent by paralegals "on what are essentially 'clerical' or secretarial tasks." *Id.* (citing *People Who Care v. Rockford Bd. Of Educ., School Dist. No. 205*, 90 F.3d 1307, 1316 (7th Cir. 1996).

Defendants broadly object to Plaintiffs' requested attorneys' fees as being excessive. Specifically, Defendants object to (1) the 14.5 hours Plaintiffs spent preparing the complaint—which included class action pleadings that ultimately were not pursued—and an additional 0.8 hours for time

5

spent emailing class representatives; (2) the more than 30 hours spent preparing for the depositions of Kristin Lyons and John O'Hara, despite the deposition being "approximately 1.4 hours long and her questioning on the stand at trial lasted mere minutes"; and (3) the 1.0 hour billed for a teleconference on January 12, 2021. (Dkt. 123 at 5–13.) Defendants also point to specific objections they made on the parties' Local Rule 54.3 Joint Statement of Parties. (Dkt. 118, Ex. 4.) Plaintiffs dispute these allegations, but concede that they are willing to reduce the time Brown spent in deposition preparation from 23.8 hours to 15 hours, and to strike the 4.1 hours Wilmes billed to attend and participate in the O'Hara deposition. (Dkt. 124 at 7.)

        i. *Time billed preparing the complaint*

The Court disagrees with Defendants that all the time Plaintiffs spent preparing the initial complaint is excessive because it included class-action pleadings that ultimately were not pursued by Plaintiffs. The presence of these pleadings does not negate the work Plaintiffs allege to have conducted in drafting the complaint, namely "interviewing the Plaintiffs, reviewing client pay records, drafting the factual allegations, researching the applicable legal standards, and listing the appropriate counts." Dkt. 123 at 11. As such, the Court will not strike all the time associated with the initial complaint. But the Court does strike Plaintiffs entry on 06/08/2020, on which Brown billed 0.80 hours ($320.00) for work revising the complaint to specifically include evidence from and calls with class representatives.

        ii. *Time billed for Lyons and O'Hara depositions*

The Court agrees with Plaintiffs' concession of the excessive hours spent by counsels preparing for and taking the Lyons and O'Hara depositions by reducing the time Brown spent in preparing for the Lyons deposition from 23.8 hours to 15 hours and striking the 4.1 hours Wilmes billed to attend and participate in the O'Hara deposition. As such, the Court strikes this time and

6

reduces the requested fees by $5,652.00: 8.8 hours for Brown ($3,520.00) and 4.1 hours for Wilmes ($2,132.00).

   *iii.* *Time billed for January telephonic status hearing*

The Court agrees with Defendants' contest of the 1.0 hour telephonic status hearing billed by Brown on January 12, 2021. The docket does not show that a teleconference occurred on January 12, 2021, but does show that a telephone status hearing was held on January 15, 2021. As such, the Court strikes this time and removes 1.0 hour from Brown ($400.00) from the lodestar.

   *iv.* *Review of other time entries*

In addition to the above objections, the Court reviewed the eighty-one entries Defendants identified in their response as violating Local Rule 54.3(d), Dkt. 123 at 8–13, as well as Plaintiffs entries provided as an exhibit to this motion. (Dkt. 118, Ex. 9.) Based on this review, the Court strikes the following entries, in whole or in part, for being excessive:

**Entries by Brown**

| Date | Hours | Rate | Narrative | Reason for Strike | Hours & Fees Struck |
|---|---|---|---|---|---|
| 3/22/2021 | 4.1 | $400.00 | "Review documents to be produced with plaintiffs' production and redactions (3.1); Draft subpoenas for IDES, research service addresses, and email Mr. Wilmes re: same (1.0)." | The Court strikes "Draft subpoenas for IDES, research service addresses, and email Mr. Wilmes re: same," as the entry describes clerical work that is excessive when billed by at the rate of an attorney. | 1.0 ($400.00) |
| 4/14/2021 | 1.2 | $400.00 | "Draft notices of depositions and finalize deficiency letter. Send to opposing counsel." | The Court strikes this entry, as it describes clerical work that is excessive when billed at the rate of an attorney. | 1.2 ($480.00) |
| 1/24/2022 | 2.5 | $400.00 | "Prepare for pretrial conference (.6); walk to and from pretrial conference (.5); attend pretrial conference (.7)." | The Court strikes "Walk to and from pretrial conference" as an excessive charge, as it does not describe legal work on behalf of the client. | 0.5 ($200.00) |
| 3/10/2022 | 3.8 | $400.00 | "Draft witness examination questions (3.5); Emails and conferences with Mr. Wilmes and Ms. Schwartz re: paralegal resources for trial (0.3)." | The Court strikes time from "Draft witness examination questions" as being duplicative and excessive, as an entry by Brown on the prior day also reads "Draft witness examinations (3.0)" | 2.0 ($800.00) |

| Date | Hours | Rate | Narrative | Reason for Strike | Hours & Fees Struck |
|---|---|---|---|---|---|
| 3/22/2022 | 4.9 | $400.00 | "Draft direct examinations of clients; Draft exam of witness and research witness's background; Emails with Mr. Ortiz re: admin trial prep." | The Court strikes time from "Draft direct examinations of clients" as being duplicative and excessive, as entries by Brown on the prior day and subsequent day also read "Draft direct and cross exams for trial (3.5)" | 3.0 ($1200.00) |
| | | | | **Total Time and Attorney's Fees Struck** | 27.1 ($7,320.00) |

**Entries by Perez**

| Date | Hours | Rate | Narrative | Reason for Strike | Hours & Fees Struck |
|---|---|---|---|---|---|
| 3/28/2022 | 1.0 | $215.00 | "Walk to Tech training at courthouse (.3); Tech training at court house (0.7)." | The Court strikes this entry, as it describes clerical work. | 1.0 ($215.00) |
| 4/1/2022 | 6.0 | $215.00 | "Label exhibits for trial. (.7); Print and organize 5 copies of each exhibit re: Trial preparation (5.0); emails to Ms. Brown re: Exhibits for trial (.3)." | The Court strikes time spent preparing the exhibits, as it describes clerical work. | 5.7 ($1,225.00) |
| 4/4/2022 | 5.0 | $215.00 | "Prepare exhibit binders for Trial." | The Court strikes time spent preparing the exhibits, as it describes clerical work. | 5.0 ($1,075.00) |
| 4/5/2022 | 5.0 | $215.00 | "Fix exhibit binders re: new exhibit numbers and remaking new binders with finalized numbers." | The Court strikes time spent preparing the exhibits, as it describes clerical work. | 5.0 ($1,075.00) |
| | | | | **Total Time and Attorney's Fees Struck** | 17.0 ($3590.50) |

For these reasons, the Court strikes a total of 48.20 hours ($13,042.50) from attorneys' fees requested by Plaintiffs as being excessive.

2. *Vagueness of time billed by Plaintiffs*

District courts have broad discretion to strike vague or unjustified billing entries. *Montanez*, 755 F.3d at 556. Here, Defendants' contest that many of the billing entries provided by Plaintiffs are "vague and represent block billing." (Dkt. 124 at 7.) The Court is not persuaded that entries that use block billing are de facto vague, as it is not uncommon for clients to permit their attorneys to use block billing. *See Farfaras v. Citizens Bank & Tr. of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006) ("Although 'block billing' does not provide the best possible description of attorneys' fees, it is not a prohibited

practice."); *In re Synthroid Marketing Litigation*, 264 F.3d 712, 722 (7th Cir. 2001) ("[T]he amount of itemization and detail required is a question for the market. If counsel submit bills with the level of detail that paying clients find satisfactory, a federal court should not require more.").

Despite Defendants' objections to the practice, it is clear from reviewing both parties' time entries that both Plaintiffs and Defendants regularly used block billing in this case. Given that both parties—and their clients—have determined that block billing is a suitable practice, the Court will not blanketly strike all of Plaintiffs' entries that use block billing as requested by Defendants. *Cf. Farfaras*, 433 F.3d at 569 (describing defendants counsels' objection to plaintiffs' "use of block billing and 'vague' descriptions" as "hypocritical").

In consideration of Defendants' objection of Plaintiffs entries being impermissibly vague, the Court reviewed the eighty-one entries Defendants identified in their response as violating Local Rule 54.3(d), Dkt. 123 at 8–13, as well as Plaintiffs entries provided as an exhibit to this motion. (Dkt. 118, Ex. 9.) Based on this review, the Court strikes the following entries, in whole or in part, for being impermissibly vague:

**Entries by Brown**

| Date | Hours | Rate | Narrative | Reason for Strike | Hours & Fees Struck |
|---|---|---|---|---|---|
| 8/25/2020 | 1.4 | $400.00 | "Conference with opposing counsel and follow up call with Mr. Wilmes re: same (0.5); Review client documents and email to Mr. Goldberg re: preparing documents for production (0.8)." | The Court strikes 50% of time for this entry, as it describes internal communications with insufficient detail on the topic and purpose of the communication. | 0.7 ($280.00) |
| 12/22/2020 | 1.4 | $400.00 | "Review damages calculations." | The Court strikes this entry, as it provides insufficient detail on why counsel carried out this task. | 1.4 ($400.00) |
| 1/19/2021 | 5.2 | $400.00 | "Draft discovery requests and review documents and statute." | The Court strikes 50% of the time in this entry, as "review documents and statute" is impermissibly vague. | 2.6 ($1040.00) |
| 3/8/2021 | 2.7 | $400.00 | "Review client's documents and draft discovery responses." | The Court strikes 50% of the time in this entry, as "Review client documents" does not sufficiently describe what | 1.35 ($540.00) |

9

| Date | Hours | Rate | Narrative | Reason for Strike | Hours & Fees Struck |
|---|---|---|---|---|---|
| | | | | documents were reviewed or their relevance to the case. | |
| 4/15/2021 | 1.6 | $400.00 | "Review clients documents to prepare for deposition." | The Court strikes this entry, as it does not sufficiently describe what documents were reviewed. | 1.6 ($640.00) |
| 1/13/2022 | 9.4 | $400.00 | "Prepare and finalize pretrial brief, proposed order, and proposed findings of facts and conclusions of law; Prepare exhibits; Emails with opposing counsel re: proposed stipulations; Conferences with Mr. Wilmes re: same." | While block billing is not de facto vague, the Court strikes 50% of time from this entry, as the number of activities described in this entry coupled with the amount of time billed makes it unclear whether what, if any, time spent was excessive. | 4.7 ($1,880.00) |
| 1/14/2022 | 7.7 | $400.00 | "Review, revise, and finalize for filing proposed pretrial order, plaintiffs' trial exhibits, proposed findings of facts and conclusions of law, and trial brief; Conferences with Mr. Wilmes and Mr. Bartlett re: same." | While block billing is not de facto vague, the Court strikes 50% of time from this entry, as the number of activities described in this entry coupled with the amount of time billed makes it unclear whether what, if any, time spent was excessive. | 3.85 ($1,540.00) |
| | | | | **Total Time and Attorney's Fees Struck** | 28.0 ($5,920.00) |

### Entries by Wilmes

| Date | Hours | Rate | Narrative | Reason for Strike | Hours & Fees Struck |
|---|---|---|---|---|---|
| 5/07/2021 | 0.1 | $520.00 | "E-mails about discovery." | The Court strikes this entry, as it is not clear who the attorney emailed. | 0.10 ($52.00) |
| 5/28/2021 | 0.1 | $520.00 | "Emails about ruling from magistrate judge." | The Court strikes this entry, as it is not clear who the attorney emailed. | 0.10 ($52.00) |
| 2/07/2022 | 0.2 | $520.00 | "Call with Tony Marshall." | The Court strikes this entry, as it does not describe what the call was about. | 0.2 ($104.00) |
| 7/10/2023 | 0.2 | $520.00 | "Rule 78.5 request." | The Court strikes this entry, as it is not clear what action was taken regarding the Rule 78.5 request. | 0.2 ($104.00) |
| 9/01/2023 | 0.1 | $520.00 | "Email American Community Bank." | The Court strikes this entry, as it does not describe the relation of this email to the instant case. | 0.1 ($52.00) |
| | | | | **Total Time and Attorney's Fees Struck** | 0.7 ($364.00) |

**Entries by Goldberg**

| Date | Hours | Rate | Narrative | Reason for Strike | Hours & Fees Struck |
|---|---|---|---|---|---|
| 4/16/2021 | 1.3 | $215.00 | "Emails with Ms. Brown re: pulling and compiling documents to send to client and pull, compile, and send same to Ms. Brown for review." | The Court strikes this entry, as it does not sufficiently describe the task such that the Court can determine whether the time billed is reasonable. | 1.3 ($279.50) |
| | | | | **Total Time and Attorney's Fees Struck** | 1.3 ($279.50) |

For these reasons, the Court strikes a total of 30 hours ($6,563.50) from attorneys' fees requested by Plaintiffs as being vague.

3. *Proportionality of time billed by Plaintiffs*

Along with their arguments that Plaintiffs requested attorneys' fees are excessive and vague, Defendants also argue that the Court should deny the requested fees as being disproportionate to the damages recovered and the initial settlement demand.

    i. *Proportionality compared to damages recovered*

Defendants argue that the Court should reject the $324,698.05 in attorneys' fees and costs sought by Plaintiffs on the basis that the amount is disproportionate to the $84,625.57 the Court granted to Plaintiffs in its judgment following trial. Defendants also argue that the fact that "[Plaintiffs] [c]ounsel spent over 105 hours preparing the trial brief in this matter and/or preparing demonstrative exhibits" was "excessive for a two-day bench trial with three relevant witnesses." (Dkt. 123 at 5.) Defendants also point to the discrepancy in the amount they billed ($50,096.16) to the amount Plaintiffs request ($324,698.05). (*Id.* at 4.)

The Court is not persuaded by these arguments. The Seventh Circuit has consistently rejected the notion that a plaintiff's attorney's fees must be calculated proportionally to the plaintiff's damages. *Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 545 (7th Cir. 2009) (citing cases holding the same). Because fee-shifting provisions represent Congress's desire for "even small violations of

11

certain laws to be checked through private litigation and because litigation is expensive, it is no surprise that the cost to pursue a contested claim will often exceed the amount in controversy." *Id.*

Additionally, "when a plaintiff has obtained an excellent result, his attorney should recover a fully compensable fee (*i.e.,* the modified lodestar amount)." *Spegon*, 175 F.3d at 557. Here, Plaintiffs prevailed against Defendants on all four counts for both Wenckaitis and Marshall. With the exception of the hours the Court has already excluded from its lodestar calculation for being excessive or vague, the Court will not penalize Plaintiffs' counsel for their level of representation of their clients solely on the basis that they succeeded at trial.

In light of this congressional intent, the proper determinates of attorney's fees are the factors considered in calculating the lodestar amount, which the Court has done so here. For these reasons, the Court declines to reduce the lodestar amount in proportion to the damages recovered at trial.

        ii.    *Proportionality compared to the initial settlement demand*

The Seventh Circuit has held that "substantial settlement offers should be considered by the district court as a factor in determining an award of reasonable attorney's fees." *Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000). But when a Defendant has "tested [their] luck and lost" after rejecting a settlement offer, they must "pay for the attorney hours *reasonably required* to see the case through trial." *Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012) (emphasis in original).

Here, Defendants argue that because Plaintiffs made an initial settlement demand of $40,000.00 and $12,000.00 in attorneys' fees at the start of the case, the Court should reject Plaintiffs' current request for attorneys' fees—which is "approximately 27 times the [settlement] amount"—as being excessive. (Dkt. 123 at 5.). But as in *Johnson*, the fact that Defendants declined this earlier settlement on the reasonable belief that they might prevail at trial does not absolve Defendants of their current requirement to pay attorneys' fees and costs for the resulting trial. For this reason, the

Court will not reduce Plaintiffs' requested attorneys' fees and costs on the basis that Plaintiffs previously offered a lower amount in their settlement.

C. *Nontaxable costs billed by Plaintiffs*

Defendants object to Plaintiffs' costs incurred for research using Westlaw, which constitute $4,343.34 of the $4,473.05 of non-taxable costs sought by Plaintiffs. In their objection, Defendants argue that while Plaintiffs attached the Westlaw charges to their motion, itemized by month, timekeeper, and client matter number, "there is no affidavit supporting that these charges pertain to the case at hand," "no explanation as to how these charges relate to plaintiffs or what the client number or account number means," and "no explanation as to what was researched, what was used, or how this research furthered the case." (Dkt. 123 at 13–14.). Defendants also argue that because "most firms treat these charges as overhead," the Court should not consider these charges. (*Id.* at 14.)

The Court is not persuaded by these arguments. The Seventh Circuit has held that costs for computer-assisted research, such as Westlaw charges, are recoverable. *See Harman v. Lyphomed, Inc.*, 945 F.2d 969, 976 (7th Cir. 1991) ("Computer-assisted research fees—so long as reasonably incurred—in theory reduce the number of attorney hours otherwise needed for (presumably) more time-consuming manual research and are therefore compensable.") Here, the Westlaw charges provided by Plaintiffs clearly pertain to the instant case. The charges identify the number of transactions, the day the transaction occurred, and the amount charged. (Dkt. 118, Ex. 11.) Further, the charges also show Brown, Wilmes, and Perez as the users, and provide the same account number and client matter number for each transaction—the same client matter number that is included on Plaintiffs' billing entries. (Dkt. 118, Ex. 9, 11.)

In addition to their objections to Plaintiffs' Westlaw charges, Defendants also object to the Amended Bill of Costs filed by Plaintiffs on November 22, 2023, and Plaintiffs' ordering of the trial transcript to attach to their response brief objecting to their motion to reconsider judgment. Plaintiffs

13

do not seek to recover those costs in the motion before the Court. As such, the Court does not address these objections.

For these reasons, the Court grants Plaintiffs' request for non-taxable costs in the amount of $4,473.05.

D. *Attorneys' fees and costs granted*

For the above reasons, the Court adjusts Plaintiffs' lodestar and grants attorneys' fees and costs as described below:

| Attorney | Hourly Rate | Hours | Attorney's Fees |
|---|---|---|---|
| Chris Wilmes | $520.00 | 186.0 | $96,720.00 |
| Emily Brown | $400.00 | 454.1 | $181,640.00 |
| Ben Goldberg | $215.00 | 32.1 | $6,901.50 |
| Kassandra Perez | $215.00 | 30.2 | $6,493.00 |
| | | Total Attorneys' Fees | $291,754.50 |
| | | Nontaxable Costs | $4,473.05 |
| | | Total Attorneys' Fees and Nontaxable Costs | $296,227.55 |

**Conclusion**

For these reasons, the Court grants Plaintiffs' motion and awards Plaintiffs $296,227.55 in attorneys' fees and costs [118].

IT IS SO ORDERED.

Date: 9/30/2024

Entered: _____

SHARON JOHNSON COLEMAN
United States District Court Judge

14